UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>STEVE WOODROW NORIYUKI,<br><br>Debtor. | Case No. 20-40087-JMM<br>(Chapter 7) |
| GARY L. RAINSDON, as Trustee of the Bankruptcy Estate of STEVE WOODROW NORIYUKI,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN WOODROW NORIYUKI; STEVEN CRAIG NORIYUKI; JOY BARON; STEVEN CRAIG NORIYUKI, as Trustee of the WHITERUN REVOCABLE TRUST; GARY NORIYUKI; DONNA NORIYUKI; and BRIGHTLINE HOLDINGS, LLC., a limited liability company,<br><br>Defendants. | Adversary Case No. 22-08006-JMM |

## MEMORANDUM OF DECISION CONCERNING MOTION TO SERVE BY PUBLICATION

Before the Court is a Motion For Order For Service by Publication filed March 2, 2022 Dkt. No. 11 ("Motion") and proposed order. The Motion is supported by the Affidavit of Heidi Buck Morrison ("Affidavit"). The proposed order approving the Motion was immediately submitted without a request for hearing.

## RELEVANT FACTS

The Chapter 7 trustee Gary Rainsdon ("Trustee") filed an adversary complaint ("Complaint") on January 31, 2022, against Steven W. Noriyuki ("Debtor"), Steven C. Noriyuki ("Son"), Joy Baron ("Daughter-in-Law"), Whiterun Revocable Trust, Gary Noriyuki, Donna Noriyuki, and Brightline Holdings, LLC ("Brightline"). Dkt. No. 1. The Complaint alleges generally that Debtor's arrangements to transfer a newly constructed residence ("Residence") to his Son, then to the Whiterun Revocable Trust, and finally to Brightline were a fraudulent effort to conceal the residence in bankruptcy. *Id.* Accordingly, Trustee is seeking to avoid the numerous transfers and recover the Residence for the benefit of the bankruptcy estate. *Id.*

Trustee alleges in the Complaint that Brightline is a LLC organized under the laws of Nevis, West Indies[1] and is controlled by Debtor and his Son. *Id.* On February 2, 2022, Trustee filed a Summons Service Executed on Brightline Holdings, LLC, indicating that service was made by U.S. Mail to both:

> Brightline Holdings, LLC
> c/o Steve Woodrow Noriyuki
> PO Box 868
> Paul, ID 83347
>
> Brightline Holdings, LLC
> c/o Steve Woodrow Noriyuki
> 556 West Baseline Road
> Paul, ID 83347

Dkt. No. 8. On March 1, 2022, a Notice of Appearance of counsel was filed on behalf of Debtor's Son, Debtor's Daughter-in-Law, Gary Noriyuki, and Donna Noriyuki. Dkt. No. 10. A Notice of Appearance has not been filed on behalf of Brightline. Trustee filed this Motion on

---

[1] Trustee does not clarify in his Motion and Ms. Buck Morrison does not clarify in her Affidavit how they determined the proper mailing address for service upon Brightline. The fact that Brightline is apparently organized under the laws of Nevis and would thus be considered a foreign entity under Idaho statutes is relevant to the analysis of service upon the LLC.

**Memorandum Decision Concerning Motion to Serve by Publication | Page 2**

March 2, 2022, seeking a court order for service by publication on Brightline pursuant to Federal Rule of Civil Procedure ("FRCP") 4(e)(1). Dkt. No. 11.

In the Affidavit, Ms. Buck Morrison states that Trustee attempted to serve Brightline by mail at the only address known—556 West Baseline Rd.—and that Trustee "has been unable to locate any officer, member, agent, or authorized person to receive service of process on behalf of Brightline Holdings, LLC or their current whereabouts where Brightline Holdings, LLC may be served."[2] Dkt. No. 12 at ¶¶ 5–6. Ms. Buck Morrison also alleges that Brightline is the vested owner of the Residence at issue and is a necessary or proper party to the action. *Id.* at ¶ 8; *see also* Dkt. No. 1, Ex. M.

## APPLICABLE LAW AND ANALYSIS

Trustee seeks an order for service by publication of the Summons and Complaint upon Brightline pursuant to FRCP 4(e)(1). This proceeding is an adversary proceeding, as Trustee's claims are based on Code §§ 542, 544, 584, 549, and 550. *See* Federal Rule of Bankruptcy Procedure ("FRBP") 7001(1).

**A. The Bankruptcy Rules and Federal Rules of Civil Procedure Do Not Provide For Service by Publication, so Trustee Must Look to the Idaho Rules of Civil Procedure for Service by Publication.**

Bankruptcy Rule 7004 provides that, in addition to the methods of service authorized by FRCP 4(e)-(j), service may be made within the United States by first class mail "upon an individual . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business

---

[2] Again, Trustee does not clarify in his Motion and Ms. Buck Morrison does not clarify in her Affidavit who the registered agent for Brightline is and where the LLC is statutorily required to receive service. It does not appear that Brightline is registered with the Idaho Secretary of State and a quick review of the Nevis Island Administration website did not provide any way to search business entities formed within that federation.

**Memorandum Decision Concerning Motion to Serve by Publication | Page 3**

or profession." FRBP 7004(b)(1). Bankruptcy Rule 7004 further provides that service may be made within the United States by first class mail:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

FRBP 7004(b)(3); *see also Labankoff v. GMAC Mortg., LLC*, No. 09–1048, 2010 WL 2384543, at *5 (9th Cir. B.A.P. June 14, 2010) (applying the service requirements contained in FRBP 7004(b)(3) to service on three defendant LLCs).

Bankruptcy Rule 7004(b) incorporates FRCP 4(e), which provides (in relevant part):

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . .*

FRCP 4(e)(1) (emphasis added). Federal Rule 4(h) further provides:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FRCP 4(h). Taken together, these rules indicate that federal courts may look to the Idaho Rules of Civil Procedure ("IRCP") for proper service on an individual or corporation. Although not

**Memorandum Decision Concerning Motion to Serve by Publication | Page 4**

expressly stated in the Rule, federal courts have routinely included LLCs in the service rules applicable to corporations and partnerships. *See Morningstar Holding Corp. v. G2, LLC*, No. CV–10–439–BLW, 2010 WL 4641274, at *3 (D. Idaho Nov. 8, 2010); *Idaho Golf Partners, Inc. v. Timberstone Management LLC*, No. 1:14–cv–00233–BLW, 2015 WL 1481396, at *3 (D. Idaho Mar. 31, 2015) ("To effect service on TimberStone, plaintiff must comply with Rule 4(h)(1), which sets out the rules for serving partnerships, corporations, and associations."); *Cole v. CardEz Credit, LLC*, No. 1:16-cv-00146-EJL-CWD, 2017 WL 4077026, at *3–*4 (D. Idaho Aug. 10, 2017).

FRCP 4(h)(1)(B) thus allows service on a LLC to be effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *See Idaho Golf Partners*, 2015 WL 1481396, at *3. In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process" but can be made "upon a representative so integrated with the organization that he will know what to do with the papers." *Id.* (quoting *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988)). Also, "service on an individual who holds a position that indicates authority within the organization generally is sufficient." *Id.* This determination is generally a factual undertaking. *Id.*

**B. Under Certain Circumstances, a Foreign Entity May Be Served by Publication under the Idaho Rules of Civil Procedure.**

Rule 4(d)(3) of the IRCP provides, in relevant part:

(3) *Serving a Corporation, Partnership or Association*.
    (A) In General. Unless Idaho law provides otherwise, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served by delivering a copy

> of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.
>
> (B) On Statutory Agent. If service is upon a statutory agent, any statutory requirement as to the number of copies of summons and complaint to be served must be followed. If the agent is a state official, service may be made by registered or certified mail, and, if the statute requires, by mailing a copy to the defendant.
>
> (C) Agent for Service Unavailable.
>
>   (i) When the agent designated for service by a foreign corporation, partnership or association which has qualified in this state by filing with the Secretary of State or a domestic corporation, partnership or association is unavailable, service of the summons and complaint may be made by mailing copies of the summons and complaint by registered or certified mail to the corporation addressed to its registered place of business and to the president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State. The service is complete on mailing by registered or certified mail. The person serving the corporation under this subdivision must make a return certificate indicating compliance with this subdivision and attach a receipt of the mailing.
>
>   (ii) A designated agent is unavailable for purpose of this subdivision (C) if:
>   - no person actually residing in this state has been designated by the corporation, partnership or association for service of process;
>   - the agent has resigned, been removed from office, died or has moved from the state; or
>   - after due diligence neither the agent nor any officer or managing agent can be found within the state.

IRCP 4(d)(3); *see also Morningstar Holding Corp.*, 2010 WL 4641274, at *3–*4 (holding that service was not effected where summonses and complaint were left at registered foreign LLC's mailing address—a commercial post office box center—and personal service was not made on registered agent in California). Like FRCP 4(h), this Rule does not expressly include LLCs, but the language and requirements are similar to the service of process and notice requirements contained in Idaho Code § 30-21-412. This section, made applicable to LLCs through Idaho Code § 30-25-111, provides:

**Memorandum Decision Concerning Motion to Serve by Publication | Page 6**

(a) A represented entity may be served with any process, notice or demand required or permitted by law by serving its registered agent.

(b) If a represented entity ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office. The address of the principal office of a domestic filing entity, domestic limited liability partnership, or registered foreign entity must be as shown in the entity's most recent annual report filed by the secretary of state. Service is effected under this subsection on the earliest of:

   (1) The date the entity receives the mail or delivery by the commercial delivery service;
   (2) The date shown on the return receipt, if signed by the entity; or
   (3) Five (5) days after its deposit with the United States postal service or commercial delivery service, if correctly addressed and with sufficient postage or payment.

(c) If process, notice or demand cannot be served on an entity pursuant to subsection (a) or (b) of this section, service may be made by handing a copy to the individual in charge of any regular place of business or activity of the entity if the individual served is not a plaintiff in the action.

(d) Service of process, notice, or demand on a registered agent must be in a written record, but service may be made on a commercial registered agent in other forms and subject to such requirements as the agent has stated in its listing under section 30-21-405, Idaho Code, that it will accept.

(e) Service of process, notice or demand may be made by other means under law other than this act.

Idaho Code § 30-21-412 (2021). Both IRCP 4(d)(3) and Idaho Code § 30-21-412 indicate that, under Idaho law, service upon a domestic or registered foreign LLC must be accomplished by serving the LLC's registered agent but where the registered agent cannot with reasonable diligence be served, service may be accomplished by mailing the summons and complaint to the address included in the LLC's annual report filed with the Idaho Secretary of State. The relatively mechanical application of this Rule becomes more complicated where a foreign LLC is not registered with the Idaho Secretary of State or where publication may be the only means of providing adequate due process to a foreign LLC.

**Memorandum Decision Concerning Motion to Serve by Publication | Page 7**

Idaho Code § 5-508 allows for service by publication and provides:

When the person[3] on whom the service is to be made resides outside of the state, or has departed from the state, or cannot after due diligence be found within the state, or conceals himself therein to avoid the service of summons, *or is a foreign corporation having no managing or business agent, cashier or secretary within this state*, or where any persons are made defendant by the style and description of unknown owners, or unknown heirs or unknown devisees of any deceased person and the names of such unknown owners or heirs or devisees are unknown to the complainant in the action, *and such facts appear by affidavit to the satisfaction of the court in which the suit is pending, and it also appears by the affidavit or a verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, the court may make an order for the publication of the summons*; and an affidavit setting forth in ordinary and concise language any of the grounds as above set forth, upon which the publication of the summons is sought, shall be sufficient without setting forth or showing what efforts have been made or what diligence has been exerted in attempting to find the defendant. Service upon any person, firm, company, association or corporation who is subject to the jurisdiction of the courts of this state pursuant to the provisions of section 5-514 [Idaho's Long-Arm Statute], Idaho Code, may be made in the manner provided in section 5-515, Idaho Code.

Idaho Code § 5-508 (2021) (emphasis added). In *Evans v. Galloway*, 108 Idaho 711, 713, 701 P.2d 659, 661 (1985), the Supreme Court of Idaho held that where a person is engaged in actionable conduct and subsequently moves, leaving no forwarding address to determine his or her whereabouts, "service of summons by publication in a newspaper of general circulation in the area, and a mailing of copies of the summons and complaint to that party's last known address is reasonably calculated under all the circumstances to apprise that party of the pendency of an action." *See also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Idaho Code § 5-509 requires that the publication pursuant to § 5-508 "be made in a newspaper to

---

[3] This section does not expressly indicate that it applies to domestic corporations and there does not appear to be any Idaho case law to confirm whether this section does in fact apply to domestic corporations or LLCs. However, Idaho Code § 30-21-102 provides that "'person' means an individual, business corporation, . . . limited liability company, . . . or any other legal or commercial entity."

**Memorandum Decision Concerning Motion to Serve by Publication | Page 8**

be designated as most likely to give notice to the person to be served, at least once a week for four (4) consecutive weeks." Idaho Code § 5-509 further provides:

> In case publication is ordered where the residence of a nonresident or absent defendant is known, the order must direct a copy of the summons and complaint to be deposited within ten (10) days in any post office, directed to the person to be served at his last known post office address. When publication is ordered and made, the service of summons is complete at the expiration of the period of publication. When personal service of summons is ordered and made outside of the state, the service is complete at the time of service.

Idaho Code § 5-509 (2021).

These statutory requirements are consistent with IRCP 4(e), which requires the publication to "contain, in general terms, a statement of the nature of the grounds of the claim, and copies of the summons and complaint must be mailed to the last known address most likely to give notice to the party" and provides that service by publication is complete on the date of the last publication. *See* IRCP 4(e)(1)(C) & 4(e)(2); *see also McGloon v. Gwynn*, 140 Idaho 727, 730, 100 P.3d 621, 624 (2004); *Hansen v. White*, 163 Idaho 851, 855, 420 P.3d 996, 1000 (2018). While there do not appear to be any cases directly on point to demonstrate whether Brightline may be served by publication, there are a couple of relatively recent cases that may provide some guidance on this issue.

In *Secured Inv. Corp. v. Myers Exec. Bldg., LLC*, 162 Idaho 105, 394 P.3d 807 (2016), the plaintiff Wyoming corporation, Secured, filed a complaint in Idaho against Myers, a Washington LLC. 162 Idaho at 108, 394 P.3d at 810. Secured was unable to personally serve Myers through its registered agent at the business address in Washington or at the registered agent's home address in Washington. *Id.* The district court granted Secured's motion to serve Myers by publication and the summons was published in the local Washington newspaper four times over a period of four weeks. *Id.* Secured also sent copies of the summons and complaint to Myers's business address and the home address of the registered agent by certified mail. *Id.*

**Memorandum Decision Concerning Motion to Serve by Publication | Page 9**

When Myers did not file an answer within the required time, Secured moved for entry of default and default judgment was eventually entered against Myers. *Id.*

Myers appealed, arguing that it was not properly served because Secured's affidavits filed in support of its application for default judgment were defective due to the fact that "they did not specifically state that Myers had no business agent, manager, cashier, or secretary that could be found within Idaho or otherwise as required by Idaho Code § 5-508." *Id.* at 110, 394 P.3d at 812. The Idaho Court of Appeals noted that Secured attempted to serve Myers at the business address listed on the Washington Secretary of State website but no business could be located at that address and even attempted to serve Myers's registered agent at her home in Washington but was unsuccessful. *Id.* at 111, 394 P.3d at 813. Because Myers did not have a business agent or manager in the state of Idaho who could be served, Secured was forced to move for service by publication. *Id.* The Court of Appeals then held that "Secured's affidavits contained enough facts to demonstrate that Myers was a foreign corporation with no managing or business agent in Idaho and that prior attempts at personal service had been unsuccessful," thus satisfying the requirements of Idaho Code § 5-508. *Id.* Because Myers was properly served by publication, the default judgment was not void. *Id.*

In *Jes Solar Co. Ltd. V. Tong Soo Chung*, 725 F. App'x 467 (9th Cir. 2018), the Ninth Circuit discussed service by publication on an individual pursuant to the Arizona Rules of Civil Procedure. In *Jes Solar*, a case involving a group of contractors who contracted with the defendant corporations to perform work on a solar project that did not actually exist, the plaintiff contractors sought to serve one of the officers of the defendant corporations through publication. 725 F. App'x at 468–69. In their motion, the plaintiffs stated that they "did not have any information regarding [the officer's] residence, but only information regarding [his] place of

**Memorandum Decision Concerning Motion to Serve by Publication | Page 10**

business" and the officer could not be served at the business address because the defendant corporation had been locked out for not paying rent. *Id.* at 470. The relevant Arizona Rule of Civil Procedure—Rule 4.2(f)(1)[4]—only allowed service by publication if "the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address" or if the person being served "has intentionally avoided service of process." *Id.* The district court granted the plaintiffs' motion and default was entered against the officer after he failed to respond. *Id.* at 469–70.

The officer appealed, arguing that service by publication was not proper and the default should be set aside. *Id.* at 469. The Ninth Circuit held that the district court erred when it granted the plaintiffs' motion for service by publication for two reasons: (1) the accompanying affidavit stated that the plaintiffs were unaware of the officer's residence but failed to set forth facts indicating that the plaintiffs made a due diligent effort to locate the officer to effect personal service; and (2) there was no evidence that the officer was avoiding service. *Id.* at 470. The Ninth Circuit noted that the district court relied on the officer's actual notice of the lawsuit to forgive any errors in service but this was in error because service must be completed "in substantial compliance with Rule 4" regardless of whether the party being served has actual notice. *Id.* at 471 (quoting *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)). Because the plaintiffs failed to comply with Arizona Rule of Civil Procedure 4.2(f) by not providing any evidence of the efforts to ascertain the officer's address or evidence that the officer was evading service, the entry of default and subsequent default judgment were set aside. *Id.*

---

[4] It is important to note that this Arizona Rule of Civil Procedure is slightly different than Idaho Code § 5-508 in that it does not contain the presumption of adequacy in § 5-508 allowing the movant to simply set forth the grounds for service by publication in ordinary and concise language without detailing the due diligence exerted in attempting to find the defendant.

**Memorandum Decision Concerning Motion to Serve by Publication | Page 11**

### C. Application of the Law to the Facts Provided by Trustee in This Case.

Trustee brings this Motion pursuant to FRCP 4(e)(1), incorporated into the FRBP through Rule 7004, and is seeking to follow Idaho state law[5] for service of the Summons and Complaint by publication. First, it appears that federal courts have routinely included LLCs as an entity to which federal and state rules of civil procedure apply to corporations, partnerships, and other unincorporated associations. This means that the service requirements contained in IRCP 4(d)(3) (Serving a Corporation, Partnership, or Association), Idaho Code § 30-21-412 (Service of process, notice, or demand on entity), and Idaho Code § 5-508 (Service by publication) all apply to Brightline. Second, Trustee's motion and the accompanying affidavit do not provide enough factual information for the Court to conclude that service by publication is appropriate here.

1. **Idaho Rule of Civil Procedure 4(d)(3) – Serving a Corporation, Partnership or Association.**

As discussed above, IRCP 4(d)(3) generally requires that service on a domestic or foreign LLC include delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or other agent authorized. . . to receive service of process." However, where an "agent designated for service by a foreign corporation, partnership or association which has qualified in [Idaho] by filing with the Secretary of State or a domestic corporation, partnership or association is unavailable," service may be made by registered or certified mail to the attention of the president or secretary of the entity at the address shown on the most recent annual report filed with the Idaho Secretary of State. *See* IRCP 4(d)(3)(C)(i).

There are two issues with the application of this rule based on the information provided in the Affidavit. First, it is unclear from the Affidavit whether Debtor and/or his Son are

---

[5] It is recognized that a lot of the discussion regarding the Federal Rules may not be applicable here, where Trustee is seeking to use Idaho's rules for publication, but they have been included to demonstrate all of the rules that may be relevant in properly serving Brightline.

registered agents of Brightline or where mail is to be delivered to Brightline. Second, it appears from the Complaint that Brightline was formed under the laws of Nevis, West Indies and would be considered a foreign entity for purposes of service. Brightline has apparently not made any filings with the Idaho Secretary of State to indicate where a mailed notice should be sent and it is unclear how Trustee determined that 556 West Baseline Rd., Paul, Idaho 83347 was the proper address for service. While this is the address of the Residence conveyed by Noriyuki, as trustee of the Whiterun Revocable Trust, to Brightline, it may not be the correct address for purposes of FRBP 7004(b)(3) or IRCP 4(d)(3)(C). Because Brightline has not registered with the Idaho Secretary of State, the use of service by mail to the LLC's address on file is not even applicable here. Thus, service would need to be made by delivering a copy of the Summons and Complaint to an authorized individual pursuant to IRCP 4(d)(3)(A) or by mail pursuant to FRBP 7004(b)(3).

   **2.  Service on Brightline by Publication Pursuant to Idaho Code §§ 5-508 & 5-509.**

As discussed above, it appears from the Complaint that Brightline was formed under the laws of Nevis, West Indies and would be considered a foreign entity for purposes of service. Idaho Code § 5-508 allows for service by publication when:

> The person on whom the service is to be made resides outside of the state, or has departed from the state, or cannot after due diligence be found within the state, or conceals himself therein to avoid the service of summons, or is a foreign corporation having no managing or business agent, cashier or secretary within this state. . . .

While there is no Idaho case law directly on-point, it is apparent that a LLC would be considered a "person" for purposes of Idaho Code § 5-508 and service by publication would be available where a LLC "cannot after due diligence be found within the state, or conceals himself therein to avoid service of summons, or is a foreign corporation having no managing or business agent, cashier or secretary within this state."

**Memorandum Decision Concerning Motion to Serve by Publication | Page 13**

The fact that Brightline is organized under the laws of Nevis, West Indies and the lack of information regarding the mailing address for service or the LLC's registered agent complicates this situation. In the Affidavit, Ms. Buck Morrison states that Trustee attempted to serve Brightline at the West Baseline Rd. address but "has been unable to locate any officer, member, agent, or authorized person to receive service of process on behalf of Brightline Holdings, LLC or their current whereabouts where Brightline Holdings, LLC may be served." Dkt. No 12 ¶¶ 6 & 7. The information provided in the Affidavit lacks the language required to help the Court determine whether service by publication is proper here. In *Secured Inv. Corp.*, the plaintiff's affidavits made clear that it attempted to serve the LLC and the registered agent at the addresses included in the filings with the Washington Secretary of State. 162 Idaho at 108, 394 P.3d at 810. Here, the Affidavit does not indicate that Trustee made any efforts to discover the proper address for service and service could not be effectuated. The Affidavit only states that Trustee has not been able to locate any officer of Brightline or determine where Brightline is required to receive service. Dkt. No 12 ¶¶ 6 & 7. Again, Trustee has not provided any evidence in the Motion or the Affidavit to indicate that service was actually attempted on Brightline beyond mailing the Summons and Complaint to the address of Debtor's Residence. Trustee appears to assume that Debtor and/or Debtor's son are agents of the LLC and the LLC's mailing address is the same as Debtor's.

Trustee has not demonstrated that he has conducted any due diligence to locate Brightline or a registered agent. Idaho Code § 5-508 provides that an affidavit simply needs to set forth in ordinary and concise language the grounds upon which service by publication is sought. Additional information is required from the Trustee to demonstrate that he has conducted at least some due diligence to warrant the Court granting a motion to serve Brightline by publication.

**Memorandum Decision Concerning Motion to Serve by Publication | Page 14**

Trustee does not need to go into extensive detail into what diligence has been exerted in attempting to locate Brightline, just that due diligence has been conducted to locate Brightline.

Further, service by publication must "be made in a newspaper designated as most likely to give notice to the person to be served." *See* Idaho Code § 5-509 (2021). Based on Trustee's assumption that Debtor and/or his Son are agents of the LLC and the LLC's mailing address is the same as Debtor's, it would make sense for the service to be published in a Magic Valley newspaper, as this may be the most likely to provide notice to Brightline. However, Trustee has not provided enough information to demonstrate that this publication would be the most likely to give notice to Brightline.

## CONCLUSION

For the reasons specified above, the Court denies the Motion without prejudice. A separate Order will be entered.

DATED: March 21, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE